SUZANNE M. HANKINS (State Bar No. 157837)
smh@severson.com
JARLATH M. CURRAN, II (State Bar No. 239352)
jmc@severson.com
LOREN W. COE (State Bar No. 273124)
lwc@severson.com
SEVERSON & WERSON, A Professional Corporation
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone:   (949) 442-7110
Facsimile:   (949) 442-7118

MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
SEVERSON & WERSON, A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone:   (415) 398-3344
Facsimile:   (415) 956-0439

Attorneys for Defendant WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP CANTWELL,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK N.A.; a United States Corporation,<br><br>Defendant. | Case No. SACV 14-00881 JVS (RNBx)<br>Hon. James V. Selna<br>Santa Ana – Ctrm 10C<br><br>**WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*(Filed concurrently with Request for Judicial Notice and (Proposed) Order)*<br><br>DATE:        September 15, 2014<br>TIME:        1:30 p.m.<br>CTRM:       10C<br><br>Action Filed:  June 9, 2014 |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ......................................................................................6

MEMORANDUM OF POINTS AND AUTHORITIES ....................................7

I. INTRODUCTION ...................................................................................7

II. STATEMENT OF FACTS .....................................................................7

III. LEGAL STANDARD ............................................................................8

IV. PLAINTIFF IS NOT ENTITLED TO A DECLARATION OF RIGHTS ...............................................................................................9

V. PLAINTIFF HAS NOT ALLEGED A BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ............................ 14

VI. PLAINTIFF FAILS TO ALLEGE A CLAIM UNDER THE UCL ............... 17

    A. Plaintiff Does Not Have Standing Under the UCL ............................. 17

    B. Plaintiff Has Not Alleged Unlawful Conduct ..................................... 18

    C. Plaintiff Fails To Allege A Fraudulent Business Act Or Practice ....... 18

    D. Plaintiff Has Not Alleged Unfair Conduct .......................................... 19

VII. PLAINTIFF HAS NOT ALLEGED ANY FACTS ESTABLISHING A VIOLATION OF THE HBOR ............................................................... 19

VIII. CONCLUSION .................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*5-Star Management, Inc. v. Rogers,*
 940 F.Supp. 512 (E.D.N.Y.1996)........................................................... 5

*Agosta v. Astor,*
 120 Cal.App.4th 596 (2004) ................................................................ 12

*Amaral v. Wachovia Mortg. Corp.,*
 692 F. Supp. 2d. 1226 (E.D. Cal. 2010) ............................................. 11

*Ashcroft v. Iqbal,*
 566 U.S. 662 (2009)..................................................................... 6, 17

*Associated Gen. Contractors v. Metro. Water Dist.,*
 159 F.3d 1178 (9th Cir. 1998).............................................................. 6

*Balistreri v. Pacifica Police Dept.,*
 901 F.2d 696 (9th Cir. 1990)............................................................... 6

*Bell Atlantic Corp. v. Twombly,*
 550 U.S. 544 (2007)..................................................................... 5, 6

*Brown v. Superior Court*
 34 Cal.2d 559 (1949).................................................................. 12, 13

*Carma Developers (Cal.), Inc. v. Marathon Development Calif., Inc.,*
 2 Cal.4th 342 (1992).......................................................................... 12

*Castillo v. Bank of Am., N.A.,*
 2012 WL 4793240 (S.D. Cal. Oct. 9, 2012)...................................... 11

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company*
 (1999) 20 Cal.4th 163.................................................................. 14, 16

*Chevron Corp. v. Camacho Naranjo,*
 667 F.3d 232 (2d Cir.2012).................................................................. 7

*Clegg v. Cult Awareness Network,*
 18 F.3d 752 (9th Cir. 1994) ................................................................. 6

*Flint v. Beneficial Fin. I Inc.*,
   2012 WL 3277109 (E.D. Cal. Aug. 9, 2012) ................................................ 5

*Flores v. EMC Mortg. Co.*,
   ---F. Supp. 2d---, 2014 WL 641097 (E.D.Cal. February 18, 2014) ................ 7

*Glenn K. Jackson Inc. v. Roe*,
   273 F.3d 1192 (9th Cir. 2001) .................................................................... 15

*Guz v. Bechtel Nat'l, Inc.*,
   24 Cal.4th 317 (2000) ................................................................................ 12

*Harris v. New York State Dept. of Health*,
   202 F.Supp.2d 143 (S.D.N.Y.2002) ............................................................ 5

*Jenkins v. JP Morgan Chase Bank, N.A.*,
   216 Cal.App.4th 497 (2013) ...................................................................... 14

*Jurewitz v. Bank of America, N.A.*,
   938 F.Supp.2d 994 (S.D.Cal. 2013) ................................................... 9, 10, 13

*Khoury v. Maly's of California, Inc.*
   (1993) 14 Cal.App.4th 612 ........................................................................ 16

*Krantz v. BT Visual Images, L.L.C.*,
   (2001) 89 Cal.App.4th 164 ........................................................................ 15

*Kwikset Corp. v. Sup.Ct.*,
   120 Cal.Rptr.3d 741 (2011) ...................................................................... 14

*Mangindin v. Washington Mut. Bank*,
   637 F. Supp. 2d 700 (N.D. Cal. 2009) .......................................................... 7

*Massachusetts Mutual Life Ins. Co. v. Sup. Court*
   (2002) 97 Cal.App.4th 1282 ...................................................................... 15

*McKell v. Washington Mutual, Inc. et al.*
   (2006) 142 Cal.App.4th 1457 .................................................................... 16

*Mir v. Little Co. of Mary Hosp.*,
   844 F.2d 646 (9th Cir. 1988) ....................................................................... 6

*Principal Life Ins. Co. v. Robinson*,
   394 F.3d 665 (9th Cir. 2005) ....................................................................... 8

*Rockridge Trust v. Wells Fargo, N.A.*
   985 F. Supp. 2d 1110 (N.D. Cal. 2013) ......................................................... 8

*Rosenfeld v. JPMorgan Chase Bank, N.A.,*
   732 F.Supp.2d 952 (N.D.Cal.2010) ....................................................... 12, 13

*Singh v. Bank of America, N.A.*
   2013 WL 1858436 (E.D. Cal. May 2, 2013) ("In July 2012, California
   passed legislation referred to as the 'California Homeowner Bill of Rights'
   which prohibits dual tracking.") .................................................................. 12

*United States of America, et al. v. Bank of America Corp., et al.,*
   Case No. 1:120cv-00361-RMC ..................................................................... 9

STATUTES

28 U.S.C. §2201 ................................................................................................ 8

Bus. & Prof. Code § 17200 ("UCL") .......................................... 8, 14, 15, 16

Civil Code §§ 2920.5 et seq. .............................................................................. 8

OTHER AUTHORITIES

Bill of Rights .................................................................................................... 7

Federal Rules of Civil Procedure, Rule 12(b)(6) ........................................... 6

Local Rule 7-3 ................................................................................................ 6

## NOTICE OF MOTION

### TO THE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on September 15, 2014 at 1:30 p.m. in Courtroom 10C of the above-entitled court located at 411 West Fourth Street, Santa Ana, California, Defendant WELLS FARGO BANK, N.A. (erroneously sued as "Wells Fargo Bank, a United States Corporation") (hereinafter, "Wells Fargo") will and hereby does move for an order dismissing with prejudice the action filed by Plaintiff Philip Cantwell ("Plaintiff") pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the basis that the Complaint fails to state a claim for which relief can be granted.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities in support thereof, all court documents already on file, any opposition filed by Plaintiff and any reply filed by Wells Fargo in response, as well as any oral argument or other matters for which the Court make take note.

Pursuant to Central District Local Rule 7-3, this Motion is made after a conference of the parties which took place on July 8, 2014.

DATED:  July 11, 2014

SEVERSON & WERSON
A Professional Corporation


By: */s/Loren W. Coe*
LOREN W. COE
Attorneys for Defendant
WELLS FARGO BANK, N.A.

55000.1282/3338377.1

-6-

Notice of Motion to Dismiss
Case No. SACV 14-00881 JVS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff filed this action in a transparent attempt to force a loan modification on the terms of his choosing. Quite literally, the allegations in the complaint establish that Plaintiff was recently reviewed and denied for a modification. During that review, Wells Fargo allegedly determined Plaintiff's monthly income to be approximately $11,000. However, in light of the fact that Plaintiff's loan was in the original principal amount of $1.5 million, and because Plaintiff admittedly has not made a payment in several years, Plaintiff did not qualify for a modification. Plaintiff filed this action alleging that if Wells Fargo were to reduce the principal balance from $1.5 million to $1.2 million, lower and fix the interest rate at 2%, and extend the amortization period to 40 years, then he would be able to make a monthly payment of approximately $4,000.

Plaintiff's complaint fails as a matter of law as there is no law or contract that requires Wells Fargo to modify Plaintiff's loan. Plaintiff's attempt to force a modification is therefore completely improper. For the reasons set forth herein, Wells Fargo respectfully requests that its motion to dismiss be granted and the complaint be dismissed with prejudice.

## II.    STATEMENT OF FACTS

In December 2006, Plaintiff obtained a loan in the principal amount of $1,500,000.00 from lender Wells Fargo Bank, N.A. ("Wells Fargo"), the repayment of which is secured by a Deed of Trust encumbering the property located at 103 Calle Del Pacifico, San Clemente, California 92672 ("Property"). (See Complaint, ¶¶ 4, 11; Deed of Trust, Ex. 1 to Request for Judicial Notice ("RJN").

Thereafter, Plaintiff defaulted on the loan and a notice of default was recorded on January 29, 2010. (Notice of Default, RJN, Ex. 2.) Plaintiff avoided foreclosure as Wells Fargo modified the loan in September 2010. The modification capitalized

1  the amount of default and implemented a step-interest rate beginning at 2.5% for the

2  first three years.  The loan modification was recorded in the Orange County

3  Recorder's Office on July 19, 2011.  (Loan Modification, RJN, Ex. 3.)

4       Plaintiff eventually defaulted under the loan modification.  (See Complaint

5  filed on March 6, 2013 in the Superior Court of California, County of Orange, Case

6  No. 30-2013-00634875 (the "State Court Action"), ¶41, RJN, Ex. 4 (at the end of

7  2011, "Plaintiff…[fell]…behind on his mortgage payments"); Declaration of Philip

8  Cantwell in support of ex parte application for TRO ("Cantwell Decl."), ¶5, filed on

9  March 6, 2013, in the State Court Action, RJN, Ex. 5 ("In early 2012, I contacted

10  Defendant Wells Fargo…to discuss any other options for me to *become current* on

11  my loan and to prevent foreclosure proceedings." (Emphasis added).)[1]  A notice of

12  default was recorded on November 23, 2011.  (Notice of Default, RJN, Ex. 6.)  A

13  notice of trustee's sale was recorded on August 24, 2012.  (RJN, Ex. 7.)  To date,

14  Plaintiff is in possession of the Property and no trustee's sale has occurred.

15       Plaintiff filed his State Court Action on March 6, 2013.  After Wells Fargo

16  twice demurred, on June 2, 2014, the State Court Action was voluntarily dismissed,

17  without prejudice.

18       On June 9, 2014, Plaintiff refiled his complaint in federal court, thereby

19  instituting the current action.

20  **III.   LEGAL STANDARD**

21       A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of

22  the claim or claims stated in the complaint.  *Bell Atlantic Corp. v. Twombly*, 550

---

23  [1]      This court may properly take judicial notice of Plaintiff's averments of fact in the State

24  Court Action.  See *Flint v. Beneficial Fin. I Inc.*, 2012 WL 3277109 at *3 (E.D. Cal. Aug. 9, 2012)
   ("Plaintiff averred in the state court collections action that the intended purpose of the loan at issue

25  was 'to support [his] ... business.'  Judicial notice may be taken 'of [this] admitted fact.'"; *see also*
   *Harris v. New York State Dept. of Health*, 202 F.Supp.2d 143, 173 n. 13 (S.D.N.Y.2002) ("[T]he

26  Court may take judicial notice of admissions in pleadings and other documents in the public
   record filed by a party in other judicial proceedings[.]"); *5-Star Management, Inc. v. Rogers*, 940

27  F.Supp. 512 (E.D.N.Y.1996) (same).

28

1 │ U.S. 544, 555-56 (2007). As such, the court must decide whether the facts alleged,

2 │ if true, would entitle plaintiff to some form of legal remedy. *Id.* A Rule 12(b)(6)

3 │ motion is therefore proper where there is either a lack of a cognizable legal theory or

4 │ the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*

5 │ *Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). "[A] complaint must

6 │ contain enough factual matter, accepted as true, to 'state a claim for relief that is

7 │ plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 663 (2009) (citing *Twombly*,

8 │ 550 U.S. at 570).

9 │     "To survive a motion to dismiss, a complaint must contain sufficient factual

10 │ matter ... to 'state a claim to relief that is plausible on its face'[—i.e., enough]

11 │ factual content [to] allow[] the court to draw the reasonable inference that the

12 │ defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.

13 │ "Threadbare recitals of the elements of a cause of action, supported by mere

14 │ conclusory statements, do not suffice." *Id.* Although facts properly alleged must be

15 │ construed most favorably to plaintiff, "conclusory allegations of law and

16 │ unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated*

17 │ *Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998)

18 │ (citation omitted). "[T]he court is not required to accept legal conclusions cast in

19 │ the form of factual allegations if those conclusions cannot reasonably be drawn from

20 │ the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.

21 │ 1994). Also, "it is proper for the district court to 'take judicial notice of matters of

22 │ public record outside the pleadings' and consider them for purposes of the motion to

23 │ dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

24 │ **IV.   PLAINTIFF IS NOT ENTITLED TO A DECLARATION OF RIGHTS**

25 │     Plaintiff alleges he is in privity of contract with Wells Fargo pursuant to the

26 │ note and deed of trust, and he is a third party beneficiary of the National Mortgage

27 │

28 │

Settlement Agreement ("Consent Judgment") and the Homeowner's Bill of Rights ("HBOR"). (Compl., ¶19.) Pursuant to the loan contract, the Consent Judgment and the HBOR, Plaintiff seeks a declaration that (1) Wells Fargo failed to credit all of Plaintiff's payments made on the loan, (2) Wells Fargo refused to grant Plaintiff a loan modification that he subjectively believes he is qualified to receive, and (3) Wells Fargo violated the HBOR. (Compl., ¶20.) The first claim fails for a number of reasons.

### A.    Declaratory Relief Is Not An Independent Claim

First and foremost, declaratory relief is a procedural devise for granting a remedy. It does not create any substantive rights or causes of action. *See Chevron Corp. v. Camacho Naranjo,* 667 F.3d 232, 244–45 (2d Cir.2012) (It is well established that the Declaratory Judgment Act "does not create an independent cause of action."); *Flores v. EMC Mortg. Co.*, ---F. Supp. 2d---, 2014 WL 641097 at *14 (E.D.Cal. February 18, 2014) ("As an equitable remedy, declaratory relief is 'dependent upon a substantive basis for liability' and has 'no separate viability' if all other causes of action are barred.").

For this reason alone, the Court should dismiss the first cause of action without leave to amend.

### B.    Plaintiff's Claim For Declaratory Relief Is Duplicative Of His Other Claims

Second, declaratory relief is not proper where the claim is duplicative of Plaintiff's other causes of action. See *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 707-08 (N.D. Cal. 2009) (a claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action). Here, the second cause for breach of the implied covenant specifically seeks damages for Wells Fargo's alleged failure to credit all of Plaintiff's payments made on the loan.

1   (See Compl. ¶¶27-30.)  The third cause of action for Violation of Business and

2   Professions Code section 17200 seeks to enforce the Consent Judgment.  (See

3   Compl., ¶¶28-31.)  And, the fourth cause of action is for violation of the HBOR.

4   (See Compl., ¶¶34.)  Plaintiff's request for declaratory relief is therefore entirely

5   commensurate with the relief sought through his other causes of action.  Thus,

6   Plaintiff's declaratory relief claim is duplicative and unnecessary.

7        **C.    Plaintiff Has Not Alleged An Actual Controversy That Necessitates**

8             **A Judicial Declaration of Rights**

9        In seeking declaratory relief, a plaintiff must satisfy a two part test under the

10   Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201, demonstrating that a

11   declaratory judgment is appropriate.  *See Principal Life Ins. Co. v. Robinson*, 394

12   F.3d 665, 669 (9th Cir. 2005).  The court must first determine if an actual case or

13   controversy exists; then, the court must decide whether to exercise its jurisdiction to

14   grant the relief requested.  *Id.*

15       In this case, Plaintiff seeks a judicial declaration that Wells Fargo violated the

16   Consent Judgment and HBOR by refusing to offer him a second loan modification.

17   This allegation fails to establish an actual controversy because neither the Consent

18   Judgment nor the HBOR mandate that servicers modify loans.  (See HBOR, Civil

19   Code §§ 2920.5 et seq.; Consent Judgment, Exhibit A, Section IV titled "Loss

20   Mitigation," pages A-16 to A-32, RJN, Ex. 8.)  Rather, both the HBOR and the

21   Consent Judgment place restrictions on "dual tracking," which is the process by

22   which a loan modification review is undertaken simultaneously with foreclosure

23   proceedings.  See *Rockridge Trust v. Wells Fargo, N.A.* 985 F. Supp. 2d 1110 (N.D.

24   Cal. 2013) (the recently enacted HBOR attempts to eliminate the practice,

25   commonly known as dual tracking).  Here, Plaintiff does not allege dual tracking or

26   that Wells Fargo violated any specific provision of the Consent Judgment or HBOR.

27

28

1  Rather, Plaintiff generally takes issue with the fact that he has not qualified for

2  another modification, and complains that he is owed a modification pursuant to the

3  Consent Judgment and/or HBOR. (See Complaint, ¶¶10-15, 29.) But because

4  neither the Consent Judgment nor HBOR entitle Plaintiff to a modification, the fact

5  that he has not received one pursuant to the Consent Judgment or HBOR cannot

6  amount to an actual controversy.

7       Even if Plaintiff is entitled to a modification under the Consent Judgment, the

8  request for declaratory relief nonetheless fails because Plaintiff does not have

9  standing to enforce the Consent Judgment. The Consent Judgment was entered in

10  *United States of America, et al. v. Bank of America Corp., et al.*, Case No. 1:120cv-

11  00361-RMC. The case *Jurewitz v. Bank of America, N.A.* is directly on point.

12  There, the plaintiff contended that she was an intended third-party beneficiary of the

13  Consent Judgment and had standing to enforce its terms. *Jurewitz v. Bank of*

14  *America, N.A.*, 938 F.Supp.2d 994, 997 (S.D.Cal. 2013). The District Court,

15  disagreed and, in pertinent part, held as follows:

16          [P]arties that benefit from a government contract are
           generally assumed to be incidental beneficiaries, rather
17          than intended ones, and so may not enforce the contract
18          *absent a clear intent to the contrary*....

19          The Consent Judgment at issue contains a provision
20          entitled, "Enforcement," which states: "[Wells Fargo]'s
           obligations under this Consent Judgment shall be
21          enforceable solely in the U.S. District Court for the
22          District of Columbia. An enforcement action under this
           Consent Judgment may be brought by any Party to this
23          Consent Judgment or the Monitoring Committee."
24          [Citation.] The Consent Judgment establishes "Servicing
           Standards Quarterly Compliance Metrics," which the
25          Monitoring Committee reviews to determine to whether
26          Bank of America is complying with the Consent
           Judgment. [Citation.] The enforcement provisions of the
27          Consent Judgment describe financial punishments for

28

violating the agreement as "civil penalties," and split the penalties between the United States and the 49 state parties. [Citation.] **The Consent Judgment contains no provisions referencing the possibility of an enforcement proceeding brought by an individual borrower as a third-party beneficiary. The Consent Judgment contains no provisions referencing the possibility of an enforcement proceeding brought by any party or person in a court other than the United States District Court for the District of Columbia.**

The Court finds that the "precise language" of the Consent Judgment does not establish "a clear intent to rebut the presumption that the third parties [to the Consent Judgment] are merely incidental beneficiaries." *Astra USA, Inc.*, 588 F.3d at 1244. Accordingly, the Court concludes that Plaintiff has failed to allege sufficient facts indicating that she has standing to enforce the Consent Judgment.

*Id.* at 998 (Emphasis in bold added). Just as the plaintiff in *Jurewitz* did not have standing to enforce the Consent Judgment, neither does Plaintiff in the current matter. Accordingly, Plaintiff is not entitled to a declaration of rights pursuant to the Consent Judgment.

Similarly, to the extent Plaintiff seeks a declaration that he is entitled to a modification pursuant to the Home Affordable Modification Program ("HAMP") (See Complaint, ¶22), Plaintiff does not have standing to enforce HAMP. The law is well-settled in this regard:

"[N]umerous courts have determined that individual borrowers do not have standing to sue under a HAMP SPA because they are not intended third-party beneficiaries of the SPA." *Velasco v. Aurora Loan Serv. LLC,* No. 2:11–cv–04784, 2012 U.S. Dist. LEXIS 21490, at *6–7, 2012 WL 569582 (C.D.Cal. Feb. 21, 2012) (quoting *Cleveland v. Aurora Loan Serv., LLC,* No. C 11–0773, 2011 U.S. Dist. LEXIS 55168, at *11, 2011 WL

2020565 (N.D.Cal. May 24, 2011) (collecting cases)); *see also Hoffman v. Bank of Amer., N.A.,* No. C 10–2171, 2010 U.S. Dist. LEXIS 70455, at *11–12, 2010 WL 2635773 (N.D. Cal. June 30, 2010) (collecting case). For example, in *Hoffman,* the court determined that the borrower was "an incidental and not an intended beneficiary to the HAMP servicer's agreement" and that therefore the borrower did not have enforceable rights under the HAMP SPA.

*Castillo v. Bank of Am., N.A.,* 2012 WL 4793240 at *6 (S.D. Cal. Oct. 9, 2012). Because Plaintiff does not have standing to enforce HAMP, he is not entitled to a declaration of rights under HAMP.

Further, Plaintiff is not entitled to a declaration of rights concerning the alleged misapplication of payments on the loan because "declaratory relief operates prospectively, and not merely for the redress of past wrongs." *Amaral v. Wachovia Mortg. Corp.,* 692 F. Supp. 2d. 1226, 1235 (E.D. Cal. 2010) (Internal citations omitted).

For these reasons, the first claim for declaratory relief should be dismissed with prejudice.

## V.   PLAINTIFF HAS NOT ALLEGED A BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

In his second claim for breach of the implied covenant, Plaintiff again alleges he is in privity of contract with Wells Fargo pursuant to the loan contract, and he is a third party beneficiary of the Consent Judgment and the HBOR. (Complaint, ¶27.) Plaintiff further alleges that Wells Fargo breached the implied covenant imposed into these purported "contracts" by (1) failing to credit all of Plaintiff's payments, (2) refusing to grant Plaintiff a loan modification that he subjectively believes he is qualified to receive, and (3) violating the HBOR. (Complaint, ¶28.) "In every

1  contract there is an implied covenant of good faith and fair dealing that neither party

2  will do anything which injures the right of the other to receive the benefits of the

3  agreement." *Brown v. Superior Court* 34 Cal.2d 559, 564 (1949). "[I]t is universally

4  recognized [that] the scope of conduct prohibited by the covenant of good faith is

5  circumscribed by the purposes and express terms of the contract." *Carma*

6  *Developers (Cal.), Inc. v. Marathon Development Calif., Inc.*, 2 Cal.4th 342, 373

7  (1992).  The implied covenant "cannot impose substantive duties or limits on the

8  contracting parties beyond those incorporated in the specific terms of their

9  agreement." *Agosta v. Astor*, 120 Cal.App.4th 596, 607 (2004); accord: *Guz v.*

10  *Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 349-50 (2000).

11      To state a claim for a breach of the covenant of good faith and fair dealing,

12  Plaintiff must allege: "(1) the parties entered into a contract; (2) the plaintiff fulfilled

13  [her] obligations under the contract; (3) any conditions precedent to the defendant's

14  performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights

15  to receive the benefits of the contract; and (5) the plaintiff was harmed by the

16  defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d

17  952, 968 (N.D.Cal.2010) (citing Judicial Council Of California Civil Jury

18  Instruction 325).

19      Here, Plaintiff alleges Wells Fargo breached the covenant of good faith

20  implied in the HBOR, Consent Judgment and loan contract.  First and foremost, the

21  HBOR is legislation and not a contract. See, e.g., *Singh v. Bank of America, N.A.*

22  2013 WL 1858436 at *2 (E.D. Cal. May 2, 2013) ("In July 2012, California passed

23  legislation referred to as the 'California Homeowner Bill of Rights' which prohibits

24  dual tracking.").  Because the HBOR is not a contract, there is no implied covenant

25  of good faith and Plaintiff's claim fails as a matter of law.  See *Brown, supra* at 564,

26  (the implied covenant is implied in contracts).

27

28

1    Second, Plaintiff is not a party to the Consent Judgment.  See *Jurewitz, supra,*
2    at 998.  Accordingly, any covenant of good faith and fair dealing that may be
3    implied into the Consent Judgment would not extend to the Plaintiff.  See *Brown,*
4    *supra* at 564 (the implied covenant extends only to the parties to a contract).

5    Finally, although there is indeed an implied covenant of good faith in the loan
6    contract, Plaintiff's conclusory allegation that Wells Fargo misapplied payments is
7    insufficient to state a claim.  Namely, Plaintiff fails to allege essential facts such as
8    what payments were misapplied, how they were misapplied, and how the alleged
9    misapplication caused Plaintiff harm.  More important, Plaintiff fails to allege that
10   he has performed under the contract.  See *Rosenfeld, supra* at 968, (Plaintiff must
11   allege performance).  To the contrary, Plaintiff admittedly defaulted on the loan in
12   mid-2011 and cannot afford the loan absent a substantial modification.  (See
13   Compl., ¶29; State Court Compl., ¶41, RJN, Ex. 4; Cantwell Decl., ¶5, RJN, Ex. 5.)
14   Further, Plaintiff has not alleged a tender of any amount due on the loan.  (See
15   Compl., generally.)  It is therefore unclear how any misapplication (if indeed there
16   was any) of payments has caused Plaintiff harm.  See *Rosenfeld, supra* at 968,
17   (damages is an essential element of an implied covenant claim).  In other words,
18   Plaintiff's default and the pending foreclosure were caused by Plaintiff's inability to
19   afford the loan, not the alleged misapplication of payments.  In sum, Plaintiff has
20   not alleged his full performance under the loan, Plaintiff has not alleged that Wells
21   Fargo unfairly interfered with his rights to receive the benefits of the loan, and
22   Plaintiff has not alleged damages.

23   Accordingly, the motion to dismiss the second cause of action for breach of
24   the implied covenant should be granted and the complaint should be dismissed with
25   prejudice.

26

27

28

## VI.   PLAINTIFF FAILS TO ALLEGE A CLAIM UNDER THE UCL

California's Unfair Competition Law under Bus. & Prof. Code § 17200, et seq. ("UCL") defines unfair competition as including "any unlawful, unfair or fraudulent business act or practice." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company* (1999) 20 Cal.4th 163, 175.

Plaintiff's third cause of action is based on the allegation that Wells Fargo is using false, misleading and fraudulent tactics to violate the Consent Judgment. (Compl., ¶28.)  The only wrongful "conduct" alleged by Plaintiff is that Wells Fargo "has refused to lower the payments, the principal amount and to make a loan modification." (Compl. ¶29.)  As set forth below, Plaintiff fails to state a valid cause of action.

### A.   Plaintiff Does Not Have Standing Under the UCL

In order to have standing to bring a UCL claim, a private party must have relied upon the unfair competition and suffered an economic injury as a result of the reliance. Bus. & Prof. Code § 17204; *Kwikset Corp. v. Sup.Ct.*, 120 Cal.Rptr.3d 741, 754 (2011).  Although foreclosure proceedings may amount to an economic injury, a plaintiff does not have standing under the UCL unless she establishes that the foreclosure was *caused* by the unlawful, unfair or fraudulent business practice. See *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 521-22 (2013) (misconduct that occurs after the Plaintiff defaults and foreclosure proceedings are commenced did not cause the foreclosure and cannot be the cause of the economic loss).

In this case, Plaintiff admits that he defaulted on the loan in late-2011 due to the poor economy.  (See State Court Compl., ¶41, RJN, Ex. 4; Cantwell Decl., ¶5, RJN, Ex. 5.)  Thereafter, Plaintiff allegedly submitted a loan modification application that was admittedly reviewed by Wells Fargo. (Compl., ¶29.)

1 | Plaintiff takes issue with the fact that although Wells Fargo allegedly determined
2 | Plaintiff's monthly income to be $11,000, Wells Fargo declined to modify the loan.
3 | (Compl. at ¶¶10, 29.)  But nothing in the Consent Judgment mandates that Wells
4 | Fargo modify Plaintiff's loan.  (See Consent Judgment, Ex. A, Section IV titled
5 | "Loss Mitigation," pages A-16 to A-32, RJN, Ex. 8.)

6 | Despite Plaintiff's subjective belief that the $1.5 million principal balance
7 | must be reduced and the monthly payment lowered to $4,000 per month (Compl.,
8 | ¶11), there is simply no law or contract provision mandating as much.  Accordingly,
9 | Wells Fargo was not required to modify the loan and Plaintiff is in no worse a
10 | position today than he was when he first defaulted in 2011 due to the poor economy,
11 | i.e., in default and facing foreclosure.  Plaintiff therefore fails to identify an
12 | economic injury caused by Wells Fargo and he does not have standing under the
13 | UCL.

14 | **B.    Plaintiff Has Not Alleged Unlawful Conduct**

15 | Courts have made clear that the Unfair Competition Law, Bus. & Prof. Code
16 | § 17200, et seq. (the "UCL") cannot be used as an end-run around the requirements
17 | of other statutes.  *See Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir.
18 | 2001) (dismissing UCL claim where underlying negligence and fraud claims were
19 | insufficient as a matter of law); see also *Krantz v. BT Visual Images, L.L.C.*, (2001)
20 | 89 Cal.App.4th 164, 178 (the viability of a UCL claim stands or falls with the
21 | antecedent substantive causes of action).

22 | As set forth in this motion to dismiss, Plaintiff fails to support his other causes
23 | of action.  Therefore, without an underlying violation of law, Plaintiff has no basis
24 | to claim that Wells Fargo acted unlawfully under the UCL.

25 | **C.    Plaintiff Fails To Allege A Fraudulent Business Act Or Practice**

26 | A business practice is considered "fraudulent" within the meaning of § 17200
27 | if the "public is likely to be deceived." *Massachusetts Mutual Life Ins. Co. v. Sup.*

28 |

1   *Court* (2002) 97 Cal.App.4th 1282, 1290.  "The determination as to whether a
2   business practice is deceptive is based on the likely effect such practice would have
3   on a reasonable consumer."  *McKell v. Washington Mutual, Inc. et al.* (2006) 142
4   Cal.App.4th 1457, 1472, citing *Lavie v. Procter & Gamble Co.* (2003) 105
5   Cal.App.4th 496, 507.

6          Plaintiff has not identified any misrepresentation by Wells Fargo.  (See
7   Compl., generally.)  As to the theory that Wells Fargo violated the Consent
8   Judgment, such allegations are conclusory and not set forth with reasonable
9   particularity.  *Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619
10   (UCL claims must be supported by facts described with reasonable particularity).
11   The allegations are also particular to the loan and have nothing to do whatsoever
12   with the public at large.  Therefore, Plaintiff has not pled fraudulent conduct under
13   the UCL.

14          **D.    Plaintiff Has Not Alleged Unfair Conduct**

15          A business practice is considered "unfair" if it threatens to violate or violates
16   the policy or spirit of an anti-trust law or otherwise significantly threatens or harms
17   competition.  See *Cel-Tech Communications, Inc., supra* at 187.  Plaintiff fails to
18   plead any facts regarding public policy or threats to the public.  Furthermore, to the
19   extent that the "unfair" prong incorporates allegations already addressed in this
20   motion to dismiss, those arguments are incorporated herein by reference.

21   **VII.   PLAINTIFF HAS NOT ALLEGED ANY FACTS ESTABLISHING A**
22   **        VIOLATION OF THE HBOR**

23          In its entirety, the only allegation of wrongdoing under the HBOR is
24   Plaintiff's allegation that "Plaintiff has been informed and believes and based upon
25   that information and belief, Plaintiff alleges that Defendant has violated the HBOR."
26   (Compl., ¶34.)  The Complaint is bereft of any **factual** allegations of wrongdoing
27
28

1  by Wells Fargo.  Because Plaintiff fails to allege any facts whatsoever, the fourth

2  cause of action fails.  See *Ashcroft v. Iqbal*, 566 U.S. 662, 663 (2009) (citing

3  *Twombly*, 550 U.S. at 570) ("[A] complaint must contain enough factual matter,

4  accepted as true, to 'state a claim for relief that is plausible on its face.'").

5  **VIII.  CONCLUSION**

6  　　　For all the reasons stated above, Wells Fargo requests that the motion to

7  dismiss be granted and the compliant be dismissed with prejudice.

8

9  DATED:  July 11, 2014　　　　　SEVERSON & WERSON
10　　　　　　　　　　　　　　　　　　A Professional Corporation

11

12　　　　　　　　　　　　　　　By:  */s/Loren W. Coe*
13　　　　　　　　　　　　　　　　　　LOREN W. COE
14　　　　　　　　　　　　　　　　　　Attorneys for Defendant
15　　　　　　　　　　　　　　　　　　WELLS FARGO BANK, N.A.

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
*Cantwell v. Wells Fargo Bank*
**USDC –Santa Ana Case No. SACV14-00881 JVS**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On July 11, 2014, I served true copies of the following document(s): **WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

| | |
|---|---|
| Lee H. Durst, Esq.<br>THE JUSTICE LAW CENTER<br>637 Albertoni Street, Suite 108<br>Carson CA 90746 | Attorney for Plaintiff PHILLIP CANTWELL |

⊠ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 11, 2014, at Irvine, California.

By: _____
    LINDA D. OWEN